Lin v. Sessions

BIA
Cheng, IJ
A201 129 127

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand seventeen.

PRESENT:
>       JON O. NEWMAN,
>       DENNIS JACOBS,
>       ROBERT D. SACK,
>               *Circuit Judges.*

_____

JING YONG LIN,
>       *Petitioner,*

>       v.                                    16-926
                                              NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Meer M. M. Rahman, New York, N.Y.

FOR RESPONDENT:          Joyce R. Branda, Deputy Assistant
                         Attorney General; Derek C. Julius,
                         Assistant Director; Christina J.
                         Martin, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jing Yong Lin, a native and citizen of China, seeks review of a February 29, 2016, decision of the BIA affirming an October 2, 2014, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Yong Lin,* No. A201 129 127 (B.I.A. Feb. 29, 2016), *aff'g* No. A201 129 127 (Immig. Ct. N.Y. City Oct. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA (i.e., excluding the IJ's credibility determination as to Lin's one-year witness on which the BIA declined to rely). *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Lin was not credible.

First, the agency reasonably relied on the omission concerning Lin's detention-related injuries.  *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission

3

are . . . functionally equivalent" for credibility purposes). Lin testified that he suffered bruising on his arm and back from his beating in detention and that his father had observed these injuries. However, neither Lin's application nor his father's letter mentions any detention-related injuries. Although Lin explained that he had not thought in great detail when he filled out his application and that his father had probably forgotten about his injuries, the agency was not compelled to accept these explanations because it was reasonable to expect both Lin and his father to describe Lin's detention-related injuries. *Majidi*, 430 F.3d at 80. As the IJ correctly observed, Lin's detention-related injuries implicate the degree of alleged harm that he suffered, which is an essential element of his claim. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (observing that the difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis").

Second, the agency reasonably relied on the omission of Lin's arrest from his underground church's letter. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Lin provided in his testimony and application that he and other church members were arrested at an underground church gathering in August 2009; he also

4

testified that his underground church knew of his arrest. However, Lin's underground church's letter makes no mention of his arrest. When confronted with this omission, Lin explained that he did not know why his arrest was omitted from the letter; however, the IJ was not compelled to accept this explanation because it did not explain the omission. *Majidi*, 430 F.3d at 80. Lin does not challenge this omission in his brief, and it therefore stands as an appropriate basis for the credibility determination. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Third, the IJ reasonably relied on the implausibility of Lin's account of the police's efforts to locate him after he escaped the raid on his underground church in November 2009. *See Xiu Xia Lin*, 534 F.3d at 163-64. Lin testified that the police raided his home and dorm two days after he escaped from the November 2009 raid on his underground church, which the IJ found implausible in light of Lin's testimony that he escaped before police arrived and that there was no official record of his previous arrest. Although an implausibility finding cannot be based on "bald speculation or caprice," *Zhou Yun Zhang*

5

*v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), the IJ's finding is tethered to the evidentiary record, and it was "entirely reasonable for the IJ to have considered [Lin's] claims [concerning the police's efforts to locate him] implausible without further explanation and to have relied on them, along with . . . [the] inconsistencies in [his] testimony, in making the ultimate finding that [he] was not a credible witness." *Ming Xia Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 146 (2d Cir. 2006). Lin does not challenge the implausibility finding in his brief, and it therefore stands as an appropriate basis for the credibility determination. *See Norton*, 145 F.3d at 117.

Given the foregoing omission and implausibility findings, the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. A reasonable adjudicator would not be compelled to conclude otherwise. *Id.* The credibility determination is therefore dispositive of Lin's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we decline to consider the

agency's alternative determination that Lin's asylum application was untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk